[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Two non-resident individual defendants have filed a motion to dismiss based on lack of "jurisdiction over the person." Practice Book (1998 Rev.) § 10-31(a)(2). The motion is granted.
The plaintiff, Pocket Shaper, Inc., describes itself in its complaint as a corporation engaged in selling "pocket shaping devices for baseball and softball gloves." The plaintiff has sued a number of entities including the named defendant, ACP Precision Plastics (ACP Precision), of West Haven. In its complaint, the plaintiff alleges "upon information and belief" that ACP Precision is a Connecticut "General Partnership which held itself out to be a corporation." The plaintiff further alleges that individual defendants, John C. Rudy, of New Jersey, and James H. Kelley, of Massachusetts, were "partners" of ACP Precision.
These two non-resident individual defendants were served with process by a deputy sheriff purportedly "pursuant to C.G.S.52-59b." This statute provides that our court may exercise personal jurisdiction over non-resident individuals who transact business or commit a tort in Connecticut, or commit a tort outside this state which causes "injury to personal property within the state" under certain circumstances. CT Page 12037
These two defendants filed a timely motion (#104) to dismiss, claiming that ACP Precision is a trade name for ACP, Inc., a duly registered Connecticut corporation, and that both the movants, Rudy and Kelley, are officers, directors and stockholders of that corporation. ACP, Inc. agreed to manufacture pocket shaping devices for the plaintiff. The defendant movants deny that ACP, Inc. is a partnership and that they are "partners" of any such entity. They argue that their only contact with this state in connection with the contract alleged in the complaint is that they were principals of the contracting party, ACP, Inc., a corporation. The movants agree with the plaintiff's contention that ACP, Inc. did not register its trade name, ACP Precision, with the municipality in which it was conducting business as required by General Statutes § 35-1. This statute provides that no person or corporation shall transact business in this state under an assumed name unless they file a certificate stating the name under which such business is to be conducted.
The plaintiff's basis for its claim of jurisdiction is that the failure of ACP, Inc. to register its trade name transforms the corporation into a partnership and its individual officers, directors and stockholders into partners of this partnership, making them amenable to service under General Statutes § 52-57(d). This statute provides that in an action against a partnership, non-resident partners may be served by registered or certified mail.
The motion to dismiss is granted first because the sheriff's return of service indicates that he served Rudy and Kelley pursuant to the long-arm statute, General Statutes § 52-59b, not the statute permitting service on non-resident partners of a partnership. The long-arm statute is inapplicable because the movants accompanied their motion to dismiss with more than sufficient proof that ACP, Inc. is a valid corporation, that the movants are principals thereof,[1] and that the plaintiff knew it was dealing with a corporation even though that corporation was using a trade name that it failed to register. Thus, the plaintiff is attempting to justify service of process under a statute different from the one the sheriff purported to follow in serving the two individual non-resident defendants.
Second, the plaintiff did not cite any authority for its claim that the failure of a corporation to register the trade name under which it was conducting business transforms the corporation into a partnership and its principals into partners, CT Page 12038 permitting service of process on them as purported partners. The corporation itself can be penalized for failure to comply with General Statutes § 35-1, but the penalties do not include transforming the offending corporation into a partnership for purposes of service of process and resulting individual liability of its officers and directors.[2]
The motion to dismiss is granted.
So Ordered.
Dated at Stamford, Connecticut, this 26th day of October, 1998.
William B. Lewis, Judge